IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

KEVIN BRADY,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 10 C 4945
                                )
CITY OF CHICAGO, et al.,        )
                                )
          Defendants.           )

                         MEMORANDUM ORDER

    This action by Kevin Brady ("Brady"), brought under the claimed auspices of 42 U.S.C. §1983 ("Section 1983") together with state law charges invoking subject matter jurisdiction under 28 U.S.C. §1367, has been responded to by the Corporation Counsel's Office on behalf of all three named defendants: City of Chicago ("City") and two of its police officers, Julian Vega ("Vega") and Brian Kieduk ("Kieduk"). This sua sponte memorandum order is occasioned by some problematic aspects of that responsive pleading that obviously require counsel to return to the drawing board.

    It should first be noted, however, that the usage employed by Brady's counsel of throwing in "Other Unknown City of Chicago Employees" as potential defendants who are coupled with Vega and Kieduk within the definition "Defendant Officers" (Complaint ¶5) has created the need for defense counsel to advance repeated disclaimers under Fed. R. Civ. P. ("Rule") 8(b)(5) as to the persons (if any) within that amorphous category. Defendants'

counsel cannot be faulted for having done so, though it has added to the length and complexity of the Answer. It seems clear that Brady's counsel would have been better advised to omit that "unknown" category from the Complaint, because leave would have to be sought in any event before adding anyone who fit that description as another target of the Complaint.

But that does not justify some of the other Rule 8(b)(5) disclaimers that have been included in the Answer, some of which seem to emulate two of the three proverbial monkeys ("See no evil, hear no evil"). Both on that score and as to some of the denials in the Answer, just a few examples will be given here:

1. No such disclaimer belongs in Answer ¶7 or Answer ¶49. Because the "unknown" defendants were defined as City employees and police officers, Complaint ¶¶7 and 49 call for a straightforward admission.

2. Complaint ¶¶16 and 17 charge Vega and Kieduk (there is obviously no indication that the "unknowns" were involved at that time)--and Complaint ¶¶20 and 21 (which name only Vega and Kieduk at that point), confirm the limited targets of those charges--with having beaten Brady "until his leg was fractured." Surely not all parts of those allegations support a flat-out denial--is it contended that the leg fracture was self-inflicted?

3. Complaint Count III (grounded in the asserted

infliction of excessive force) and Count IV (grounded in battery under state law) clearly implicate only Vega and Kieduk. Hence any Rule 8(b)(5) disclaimers as to "unknown" and unnamed officers are both needless and confusing.[1]

Finally, a few words should be added as to the affirmative defense ("AD") that has been added following the Answer. That does not fit the concept of an AD as it has been defined by Rule 8(c) and by the caselaw interpreting and applying that Rule--and see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). When Brady's allegations are credited, as they must be for AD purposes, any threshold assertion of qualified immunity cannot withstand scrutiny. Because an evidentiary resolution of the competing versions of events is required, that qualified immunity AD is stricken.

In summary, it appears that all of the parties and this Court will be better served by the filing of an Amended Answer to address the problems identified here (and perhaps other problems that may become apparent). That revised version should be filed

---

[1] That criticism obviously does not apply to Complaint Count V, which is captioned "Against Defendant Officers for Failure To Protect."

on or before October 25, 2010.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  October 12, 2010